## 31501. JOHNSON v. FORTSON.

Undercofler, Presiding Justice.

This is an appeal from the dismissal of appellant's action for mandamus to compel his name to be placed on the ballot for the Republican Primary election to be held August 10, 1976. Appellant attempted to qualify as a candidate for the U. S. House of Representatives from the Fourth Congressional District of Georgia at said election under Code Ann. § 34-1005 by submitting a petition signed by 1,500 registered voters qualified to vote in said election. Appellee, as required by law, examined the signatures and determined that certain of them did not qualify and that the petition lacked the number of signatures required. Appellant on July 2, 1976, received notice of the rejection of the petition and that his name would not appear on the ballot. He filed this mandamus action on July 8, 1976. The trial court dismissed the mandamus action because it was not filed within five days of receipt of the rejection notice as required by Code Ann. § 34-1011 (c). We find no error. Code Ann. § 34-1011 (c) specifically provides, "The decision of the officer denying a nomination petition may be reviewed by the superior court of the county containing the office of such officer upon an application for a writ of mandamus to compel the granting of such petition. The application for such writ of mandamus shall be made within five days of the time when the petitioner is notified of such decision." Code

Ann. § 81A-106 (a) (Civil Practice Act) does not apply here. See 2 Moore's Federal Practice, p. 1500. 19, § 6.06. The election laws are carefully tailored within specific time frames and the election statute was not intended to incorporate the time extensions permitted under the Civil Practice Act. See Code Ann. § 34-105 (Election Code) providing, "When the last day for the exercise of any privilege or the discharge of any duty prescribed or required by this Code shall fall on a Saturday, Sunday or legal holiday, the next succeeding business day shall be the last day for the exercise of such privilege or the discharge of such duty."

Also, we find no merit in appellant's complaint that the notice received by him was ineffective because appellee had not complied with Code Ann. § 34-1011 (a) and (b). The appellant received notice of the rejection of his petition on July 2, 1976. To raise any question concerning an improper rejection the petition for mandamus must have been filed within five days. Appellant is seeking to enforce rights granted under the election code and is bound by the remedies provided therein. Therefore, appellant was required to file his mandamus action within five days rather than within the time allowed under the general statutes governing mandamus action. The petition was properly dismissed.

*Judgment affirmed. All the Justices concur, except Jordan, J., not participating.*

DECIDED AUGUST 3, 1976.

*J. Max Davis, Roy J. Leite, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, Don A. Langham, Deputy Attorney General, Michael J. Bowers, Senior Assistant Attorney General,* for appellee.

*Note:* Pursuant to direction from the Supreme Court no opinion will be published in the following habeas corpus case. Rule 32 (k), Supreme Court Rules.